FILED BY _____ D.C.
JUL 09 2020
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of Florida |
|---|---|
| Name (under which you were convicted): Carline Maurice | Docket or Case No.: 0:16-CR-6007-WJZ-2 |
| Place of Confinement: Coleman Federal Correctional Complex-Camp, Coleman, FL | Prisoner No.: 12700-104 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. Carline Maurice | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court
   299 East Broward Blvd.
   Fort Lauderdale, FL 33301

   (b) Criminal docket or case number (if you know): 0:16-cr-6007-WJZ-2

2. (a) Date of the judgment of conviction (if you know): October 24, 2016

   (b) Date of sentencing: October 24, 2016

3. Length of sentence: 132 months

4. Nature of crime (all counts): Aggravated identity theft, conspiracy to commit aggravated identity theft, wire fraud and conspiracy to commit wire fraud.

---

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒      (2) Guilty ☐      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐
9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals for the Eleventh Circuit
   (b) Docket or case number (if you know): Appeal No. 16-17009-DD
   (c) Result: Affirmed
   (d) Date of result (if you know): July 30, 2019
   (e) Citation to the case (if you know):
   (f) Grounds raised:
      (1) Whether the District Court abused its discretion in not granting a motion for a new trial under Rule 33, based upon Appellant's motion to sever.
      (2) Whether the District Court abused its discretion in not granting a motion for judgment of Acquittal, based on the insufficiency of the evidence presented by the Government.
      (3) Whether the District Court abused its discretion in not granting a motion for a new trial, under Rule 33, based on a <u>Giglio</u> violation revealed at sentencing.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know):
      (2) Result:

      (3) Date of result (if you know):
      (4) Citation to the case (if you know):
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐   No ☐
(2) Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Please see attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see attached.

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐  No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐  No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

---

**GROUND TWO:** Please see attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see attached.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:  Please see attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see attached.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


---

GROUND FOUR: Please see attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Please see attached.

(b) **Direct Appeal of Ground Four:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐ No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐ No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐ No ☒
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐ No ☒
   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
      Yes ☐ No ☒
   (6) If your answer to Question (c)(4) is "Yes," state:
   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

NA

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NA

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

NA

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:  Joseph W. Gibson, Jr.
19 W. Flagler Street, Suite 417
Miami, FL 33130

(d) At sentencing:
Joseph W. Gipson, Jr.
19 W. Flagler Street, Suite 417
Miami, FL 33130

(e) On appeal: Joseph W. Gibson, Jr.
19 W. Flagler Street, Suite 417
Miami, FL 33130

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐  No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☒

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

        NA
        Not time barred

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on June 23, 2020 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Below are the grounds and supporting facts for my 2255 Motion to vacate or set aside sentence.

<u>Ground One</u>: Failure to communicate plea offer made by the U.S. Government.

<u>Supporting Facts</u>: On August 29, 2019, during a legal call, counsel stated, "Carline, you should have taken the deal." Petitioner Maurice then asked, "What deal?" Counsel stated that he would send her documentation "to refresh her memory." Petitioner never received any documentation and she was never informed of any deal offered by the government.

<u>Ground Two</u>: Trial ineffectiveness-Defense related-Failure to object.

<u>Supporting Facts</u>:

1. Government stated the personal tax identification number (PTIN) is as secret as a debit (PIN).

   When exhibits of the 1040 Tax Returns were presented at trial, it verified the name, address, PTIN of preparer on the front of each completed 1040.

1

   Counsel was ineffective for failing to object to the fact that a PTIN (Personal Tax Identity Number) is not as secretive as a debit PIN (Personal Identity Number) as the government stated in the trial transcripts. The PTIN is directly on the front page of the 1040 forms, thereby exposing and compromising Petitioner's PTIN.

2. Per government's discovery the online accounts were managed by co-defendant Exavier through his email account and not by Petitioner Maurice.

   Supporting Facts:

   1. Petitioner's signature was not on any one of the filed tax returns as the preparer. Counsel failed to object to the verification of the Petitioner's signature on the filed tax returns. This would have proven that Ms. Maurice was not involved in filing fraudulent tax returns and had no involvement in the scheme.

   2. The government's witness Mrs. Leonie Palmer stated at trial that she was dating Mr. Exavier and opened the account without Petitioner's consent. The government used her testimony to help convict Ms. Maurice, although the government's witness, Mrs. Palmer, had committed fraud by opening the accounts in Ms. Maurice's name without her knowledge or consent.

Ground Three: Failure to consult with Petitioner Maurice on appeal/failed to raise issues on appeal.

Supporting Facts:

1. Petitioner Maurice was not involved in the appeal process. Attorney filed brief without consulting with Petitioner Maurice.

2. Counsel agreed to combined appeals without consulting with Petitioner.

3. Petitioner wrote counsel on issues she wanted raised and addendum to brief to raise claims and counsel did not raise them.

Supporting Exhibit:

Petitioner's letter to counsel, dated October 26, 2017, details issues to be raised and the importance of raising them to the outcome of the appeal. Failure to raise the issues prejudiced Petitioner's appeal. (Exhibit 1).

Exhibit 1

Gibson, Joseph                                                      10/26/17
19 West Flagler St. #417
Miami, FL. 33130

Case No. 16-17009

I hope you are doing well and in good spirits by the time this letter reach you. This letter is in regards to the brief that you filed on my behalf. I finally able to obtain and view a copy of the brief that you submitted to the Court. I've had no communication with you and I wasn't involved in the process of the preparation of the brief, or even received a copy of it from you. Also I don't agree for the appeals to be consolidated. When you told me about the the combining of the appeals months ago when I called you and you said to me "I don't know Carline" after I asked why was this? But when the government requested for the appeals to be combined, according to the motion. "both counsels have no opposition to these requests." You agreed without consulting or informing me first. There were important points that was not raised in the brief, I'm requesting that you file an adendum to brief to raise the follow:

- The government withheld information from the court and the jury about the subpoenas of my personal bank records from 2002-2012, which proved no funds of such scheme was ever deposited in my account.
- My signature was not on any of the filed tax returns (8879) as opposed to Co-defendants Exavier and Alexandre (who was acquitted).
- I did not have online access to the bank accounts which was obtained in my name. They all were opened and managed by Mr. Exavier (with his email address)
- There were no direct or indirect witnesses that was ever presented in person or by letter to point me out as the person that filed their taxes or the taxes of their loved ones.

Your prompt attention in this matter is greatly appreciated.

Sincerely,
Carline Maurice

The following two pages is a motion that I'm considering sending to the Court. As my attorney I'm sending it to you first and asking you to file the motion on my behalf. I don't want to go behind your back and submit it to the Court without giving you the opportunity to view it first. If for any reason you wish not to submit the motion please give me the legal reason(s) why, so then I can make other arrangemen I do not have access to anything here. It's very difficult for me to contact you, and extremely easy for you to contact me either via email and/or via telephone through my assigned Counselor Mr. DeJesus in which I forwarded his contact information to you in the past. I haven't heard from you by any forms of communication including the U.S. mail. The points I listed in the motion are important to me and I believe they can make an impact. I am giving you until November 14th, 2017 to hear back from you and if I don't hear from you by the deadlines, I will go ahead and send the motion to the Court.

Thank you for your service and your prompt attention.

Yours truly,
Carline Maurice
12700-104
FCC Camp
P.O. Box 1027
Coleman, FL. 33521

P.S.
This is my life I'm fighting for, I'm in here and not you. I sincerely hope you can understand that.

12700-104
Carline Maurice
F.1 Federal Correction Complex Camp
P.O. BOX 1027
Coleman, FL 33521
United States

Tampa/St Pete FL 336
WED 24 JUN 2020 PM

U.S. District Court
299 East Broward Blvd.
Fort Lauderdale, FL. 33301



119